**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2210-17T2

PAULA WILKINSON, as
ADMINISTRATRIX AD
PROSEQUENDUM of the
ESTATE OF ZACHARY GEHL,

    Plaintiff-Appellant,

v.

BRENNTAG NORTH AMERICA,
ENTERPRISES FM TRUST,[1]
BRENNTAG SPECIALTIES INC.,
and WILLIAM LEWIS,

    Defendants,

and

BROCK LEWIS, MICHAEL
MACHADO, and JULIO JORGE,

    Defendants-Respondents.

---

Argued March 20, 2018 — Decided July 30, 2018

Before Judges Fasciale, Sumners and Moynihan.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Docket No. L-7510-
15.

---

[1]  Brenntag North America and Enterprise FM Trust were dismissed
by stipulation; they are not a party to this appeal.

Caesar D. Brazza, argued the cause for appellant.

Albert L. Piccerilli, argued the cause for respondent Brock Lewis (Montgomery McCracken Walker & Rhoads, LLP, attorneys; Albert L. Piccerilli, on the brief).

Thomas N. Zuppa, Jr., argued the cause for respondents Michael Machado and Julio Jorge (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; John V. Mallon, of counsel and on the brief; Thomas N. Zuppa, Jr., on the brief).

PER CURIAM

In this negligence action arising from a motor vehicle accident, we granted plaintiff Paula Wilkinson, administratrix ad prosequendum of the estate of Zachary Gehl, leave to appeal Law Division orders granting defendants' motions barring testimony of her expert witness because his reports were considered net opinion; dismissing her wrongful death claim due to lack of an expert report; and denying reconsideration of those orders. Because we conclude that the motion court mistakenly applied its discretion in barring Wilkinson's expert reports, we reverse and remand for trial.

The motion record reveals the following facts and allegations derived from deposition testimony and documents produced during discovery. Wilkinson is the mother of Gehl, who was a passenger in a vehicle driven by Brock Lewis and owned by Brenntag North

America and Enterprise FM Trust, which was involved in an accident with a vehicle driven by Michael Machado and owned by Julio Jorge. Following the accident, Gehl was treated at a hospital for several injuries and released that same day. Three days later, he was found dead at his father's home with several packets of heroin and a syringe near his body. An autopsy revealed that the cause of death was acute hemorrhagic pneumonia due to acute and chronic heroin abuse.

Wilkinson sued Lewis, Machado, and Jorge (collectively defendants) for damages due to Gehl's personal injuries and his wrongful death as a result of their alleged negligence. As for the wrongful death claim, Wilkinson contended her son had recovered from using narcotics at the time of the accident and his death was caused by his abuse of narcotics again because of the accident. To the contrary, Lewis, Gehl's long-time friend, stated that he used heroin with Gehl on three separate occasions following Gehl's release from jail five days prior to the accident.

To prove the accident was responsible for Gehl's death, Wilkinson proffered expert's reports by Dr. Kiernan Ayre, a psychotherapist and substance abuse specialist. In one of his reports, Ayre stated that, even though he could not rule out Gehl's heroin usage in the past, "[i]t does appear that at the time of the . . . accident that [he] was abstinent from offending

substances."  Ayre admitted that he was unqualified in the area of toxicology and did not review any toxicology records from the hospital to confirm whether there were any illegal substances in Gehl's body at the time of the accident.  He instead relied upon Wilkinson's assertion that Gehl was not abusing substances at the time of the accident.  Ayre also saw nothing in the police accident report or the hospital records indicating that Gehl was under the influence of heroin at the time of the accident.  Considering Gehl's history of chemical dependency and relying upon medical articles stating that trauma can be a factor that can cause a relapse, Ayre opined that the injuries Gehl suffered from the accident can cause a relapse to use heroin.

After Wilkinson moved to bar defendants' pathology expert's report regarding Gehl's cause of death, defendants cross-moved to bar Ayre's opinion as net opinion and for summary judgment dismissal of the wrongful death claim.  The trial court entered an order granting defendants' motions.  In its written opinion, the court found that although Ayre was qualified to posit an opinion on drug use and relapse, his opinion that the trauma from the accident caused Gehl's heroin-related death was not based on the "why and wherefore" of the facts presented.  The court emphasized that despite Ayre's conclusion the accident caused Gehl's relapse, Ayre acknowledged there could be other potential

causes of his relapse and there was a possibility he was using heroin in the days prior to the accident. The court determined Ayre's opinion was a net opinion and, thus, inadmissible. Having barred Ayre's opinion, the court then granted defendants' summary judgment and dismissal of the wrongful death claim with prejudice as there was no proof that defendants' actions were proximate causes of Gehl's death.[2] The court denied Wilkinson's motion for reconsideration.[3]

Before us, Wilkinson contends the court erred in granting defendants' motion barring Ayre's reports and, in turn, granting summary judgment dismissal of her wrongful death claim due to lack of proofs. Based upon the applicable legal principles guiding our analysis, we conclude the court mistakenly applied its discretion to exclude his expert testimony, and should not have barred Ayre's opinion that the trauma Gehl suffered from the accident led him to relapse into heroin use, causing his death. See Townsend v. Pierre, 221 N.J. 36, 52-53 (2015) (a motion court's decision to admit or exclude evidence turns on whether it abused its discretion).

---

[2] Because the court granted defendants' cross-motions, it denied Wilkinson's motion to bar defendants' expert's report as moot, which is not the subject of this appeal.

[3] The record provided does not set forth the basis for the court's decision.

Under N.J.R.E. 703, an expert opinion must "be grounded in 'facts or data derived from (1) the expert's personal observations, or (2) evidence admitted at the trial, or (3) data relied upon by the expert which is not necessarily admissible in evidence but which is the type of data normally relied upon by experts.'" Id. at 53 (quoting Polzo v Cty. of Essex, 196 N.J. 569, 583 (2008)). From this evidentiary standard, the net opinion rule has developed, to "forbid[] the admission into evidence of an expert's conclusions that are not supported by factual evidence or other data." Polzo, 196 N.J. at 583 (quoting State v. Townsend, 186 N.J. 473, 494 (2006)). That is, an expert must "explain a causal connection between the act or incident complained of and the injury or damage allegedly resulting therefrom." Buckelew v. Grossbard, 87 N.J. 512, 524 (1981). Otherwise, "[a]n expert's conclusion 'is excluded if it is based merely on unfounded speculation and unquantified possibilities.'" Townsend, 221 N.J. at 55 (quoting Grzanka v. Pfeifer, 301 N.J. Super. 563, 580 (App. Div. 1997)). Simply put, experts must "give the 'why and wherefore'" of their opinions, not "mere conclusion[s]." Koruba v. Am. Honda Motor Co., 396 N.J. Super. 517, 526 (App. Div. 2007).

We agree with Wilkinson's contention that Ayre's opinion is not speculation because he specifically references evidence found in the record — her assertion that her son had recovered and was

not using heroin prior to the accident and the post-accident hospital records that do not evidence recent narcotic use — and he cites to reputable medical literature listing trauma as a cause for an addict's relapse. Ayre's opinion is contrary to the net opinion rule; it attributes Gehl's relapse to trauma from the accident, thereby providing a "why and wherefore" and not just a "mere conclusion." The fact that Ayre relied upon medical literature, which listed numerous other factors that can place a recovering addict at risk to relapse, should not have made his opinion inadmissible. Those other factors go to the weight a jury may give to his opinion at trial, but not to the court's evaluation as to whether Ayre's opinion is mere speculation, constituting a net opinion. Simply put, the medical literature, Wilkinson's deposition testimony, and the hospital records, provide the "hook" upon which Ayre can hang his opinion on to overcome a motion to bar his expert's reports.

In finding the court should not have barred Ayre's reports, we are unpersuaded by defendants' contentions that Gehl was using heroin prior to the accident; that Wilkinson had not seen her son after he was released from jail and prior to the accident; and that Ayre was not in a position to render an opinion because he did not review any of Gehl's addiction-related records, did not interview him, and did not investigate Gehl's family history or

environment. While these are legitimate arguments to question Ayre's opinion, they go towards the weight the jury may give to Ayre's opinion at trial, not its admissibility.

Given our conclusion that Ayre should be permitted to render his expert opinion attributing Gehl's heroin-related death to the motor vehicle accident, it reasons that summary judgment should not have been granted to dismiss Wilkinson's wrongful death claim.

Reversed and remanded for trial.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION